IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MELVIN ANDREW ROACH, JR.,** | : | |
| *Plaintiff* | : | CIVIL ACTION NO. 24-cv-06410 |
| | : | |
| v. | : | |
| | : | |
| **CREDIT ACCEPTANCE CORPORATION** | : | |
| *Defendant* | : | |

### MEMORANDUM

**KENNEY, J.**                                                                                                           May 30, 2025

The Court writes for the benefit of the Parties and assumes familiarity with the facts. On April 2, 2025, the Court filed a Memorandum Opinion and Order denying Plaintiff's Motion for Reconsideration of Denial of *In Forma Pauperis* Status, denying Plaintiff's Motion to Vacate the Arbitration Award, and granting Defendant's Cross Motion to Confirm the Arbitration Award. *See* ECF Nos. 16–17. On April 7, 2025, Plaintiff filed a Motion for Findings of Fact and Conclusions of Law or, in the alternative, a Motion to Vacate and Reconsider Judgment. *See* ECF No. 18. On April 23, 2025, Plaintiff filed a Motion for Judicial Recusal and Reassignment. *See* ECF No. 20. Most recently, on May 2, 2025, Plaintiff filed a second Motion to Set Aside Judgment. *See* ECF No. 21. The deadlines for responsive briefing have passed, and briefing is complete on the Motions at ECF Nos. 18 and 21. After review of the motions and relevant briefing, the Court will deny all three motions.

I.    **DISCUSSION**

    A.    **Motion to Recuse (ECF No. 20)**

The Court will not recuse itself in this matter. Mr. Roach's discontent with the Court's ruling is clear, but it is not a basis for recusal. *See Securacomm Consulting, Inc. v. Securacom*

*Inc.*, 224 F.3d 273, 278 (3d Cir. 2000) ("We have repeatedly stated that a party's displeasure with legal rulings does not form an adequate basis for recusal."). The motion at ECF No. 20 is therefore **denied**.

### B. Motion For Findings of Fact and Conclusions of Law (ECF No. 18)

Plaintiff brings his "Motion for Findings of Fact and Conclusions of Law or, in the alternative, a Motion to Vacate and Reconsider Judgment" pursuant to three separate provisions of the Federal Rules of Civil Procedure: Rule 52(b), Rule 59(e), and Rule 60(b). *See* ECF No. 18 at 1. Specifically, the Court understands that Plaintiff requests findings on 9 U.S.C. §§ 9 and 10 under Rule 52(b), and for the Court to reconsider its denial of *in forma pauperis* status given the presence of "new evidence" under Rules 59(e) and 60(b)(2). *Id.* at 4.

1. *Rule 52(b)*

Plaintiff first argues that the Court issued its ruling on the Motion "without findings on 9 U.S.C. § 9 compliance or § 10 vacatur grounds. This blocks appellate review and, given Plaintiff's indigence, raises due process red flags." *Id.* at 1. The Court finds this argument insufficient to warrant relief under Rule 52(b).

Under Rule 52(b), "[o]n a party's motion filed no later than 28 days after the entry of judgment, the court may amend its findings—or make additional findings—and may amend the judgment accordingly." Fed. R. Civ. P. 52(b). Rule 52(b) is intended "to allow a court to correct manifest errors of law or fact, or in limited circumstances, to present newly discovered evidence." *Gutierrez v. Gonzales*, 125 F. App'x 406, 417 (3d Cir. 2005) (internal quotations omitted).

The Court understands Plaintiff to argue that the Court committed a "manifest error[] of law or fact" by ruling on the Motion "without findings on 9 U.S.C. § 9 compliance or § 10 vacatur grounds." ECF No. 18 at 1. Specifically, Plaintiff argues in his motion that "the judgment lacks findings on § 9 (e.g., no record shows award filing with consent) or § 10 (e.g., arbitrator

2

impartiality unverified per § 10(a)(2))." *Id.* at 3. However, Plaintiff's argument fails for two reasons. First, the Court's Memorandum Opinion included a discussion of the Arbitrator's alleged partiality—and a ruling that the Court would decline "to vacate the arbitration award on grounds of partiality" under 9 U.S.C. § 10(a)(2). *See* ECF No. 16 at 10–11. Indeed, the Court engaged in a thorough analysis of all arguments raised by Mr. Roach, including his partiality argument. No additional findings are necessary here.

Second, Mr. Roach argues that the Court confirmed the arbitration award without findings on Section 9 compliance, blocking his right to appeal. *See* ECF No. 18 at 3. The Court also finds this argument insufficient for relief under Rule 52(b). The Court's purported silence on Section 9 compliance did not "block" Mr. Roach's right to appeal, because the Court ruled on the Motion to Confirm under Section 9 in its analysis of the Motion in the Memorandum Opinion at ECF No. 16.[1] *See* ECF No. 16 at 11. Therefore, Mr. Roach's argument under Rule 52(b) fails.

---

[1] To the extent that Mr. Roach also makes the argument that Credit Acceptance's Motion to Confirm did not comply with Section 9, the Court disagrees. Under Section 9, "[i]f the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then . . . any party to the arbitration may apply to the court so specified for an order confirming the award." 9 U.S.C. § 9. Mr. Roach himself states that he "entered arbitration in good faith," ECF No. 2 at 2, and a JAMS arbitrator issued the award following Mr. Roach's demand for arbitration. ECF No. 5-2 at 5 ("Claimant filed a Demand for Arbitration on October 6, 2023."). The JAMS rules state that "[p]roceedings to enforce, confirm, modify or vacate an Award will be controlled by and conducted in conformity with the Federal Arbitration Act, 9 U.S.C. Sec 1, *et seq.*, or applicable state law. The Parties to an Arbitration under these Rules shall be deemed to have consented that judgment upon the Award may be entered in any court having jurisdiction thereof." *See* Comprehensive Arbitration Rules & Procedures: JAMS Arbitrators & Arbitration Services – Rule 25 (Enforcement of the Award), JAMS (last accessed May 30, 2025), https://www.jamsadr.com/rules-comprehensive-arbitration/#Rule-25. When Mr. Roach demanded arbitration of his claims against Credit Acceptance, he "consented that judgment upon the Award may be entered in any court having jurisdiction thereof." *Id.* The Court was therefore satisfied that the filing of the award complied with Section 9.

2. *Rules 59(e) and 60(b)(2)*

Mr. Roach then argues that he is entitled to relief under Rule 59(e) and Rule 60(b)(2) because the Court is faced with new evidence, that is, Plaintiff's "2023 tax return and AO 239 IFP application," which he contends were "unavailable earlier" and filed post-judgment on April 2, 2025.  ECF No. 18 at 2.

A Court will grant relief under Rule 59(e) only if the moving party shows "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available . . . ; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Binder v. Coldwell Banker Real Est. LLC*, No. 24-1997, 2025 WL 1248812, at *3 (3d Cir. Apr. 30, 2025) (quoting *Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)).  Further, a movant is eligible for relief under Rule 60(b)(2) based upon a showing of "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial."  Fed. R. Civ. P. 60(b)(2).  "[N]ewly discovered evidence refers to evidence of facts in existence at the time of trial of which the aggrieved party was excusably ignorant." *Harrison v. Harrison*, No. 22-3361, 2023 WL 7017695, at *2 (3d Cir. Oct. 25, 2023) (internal quotations omitted).

Plaintiff's Motion does not meet the standards for relief under Rule 59(e) or Rule 60(b)(2).  First, these documents were not filed on the docket on the date Mr. Roach alleges, and second, the Court is not satisfied that these documents are "new" or "newly discovered."  The Court ordered Mr. Roach to supplement his Motion for Reconsideration of the denial of IFP status on February 3, 2025 by filing a copy of his 2023 Federal Income Tax Return (including all Schedules) under seal.  *See* ECF No. 9.  In response, he filed a "Wage and Income Transcript" on March 5, 2025.  *See* ECF No. 14 at 1.  The government website through which Mr. Roach likely obtained his Wage

and Income Transcript maintains that Tax Returns, and Tax Return Transcripts, are available upon request. *See* ECF No. 16 at 1 n.1. This means that Mr. Roach could have requested his 2023 Tax Return at the time he requested his Wage and Income Transcript but did not. Further, by the time the Court made its decision on the Motions to Vacate and Confirm, Mr. Roach had already filed an AO 239 IFP application. *See* ECF No. 1. In sum, there is no "new" evidence warranting relief under either Rule 59(e) or Rule 60(b)(2).

* * *

Because Mr. Roach has failed to show grounds for relief under Federal Rules of Civil Procedure 52(b), 59(e), or Rule 60(b)(2),[2] the Motion at ECF No. 18 is **denied**.

### C. Motion to Set Aside Judgment (ECF No. 21)

In his Motion to Set Aside Judgment, *see* ECF No. 21, Mr. Roach moves for relief under Rules 60(b)(2) and 60(b)(3), citing the existence of "newly discovered evidence and fraud, misrepresentation, or misconduct by the opposing party." ECF No. 21 at 1. Specifically, Mr. Roach refers to "a recorded call from a Credit Acceptance Compliance Department representative in which the company made direct admissions regarding its role in **Plaintiff's transaction**." *Id.* at 2 (emphasis added). According to Mr. Roach, the recording proves that Credit Acceptance committed "fraud," since "[f]raudulently invoking judicial authority to confirm an arbitration award derived from a void contract constitutes fraud on the court." *Id.* at 4.

The Court incorporates its discussion of the Rule 60(b)(2) standard here, and adds that, for relief under Rule 60(b)(3), Mr. Roach "must show that [Credit Acceptance] engaged in fraud and

---

[2] To the extent that Mr. Roach argues that alleged "due process" violations warrant further Rule 60(b) relief, *see* ECF No. 18 at 3, the Court rejects this argument, as the Court discussed Mr. Roach's IFP application in the Memorandum Opinion at ECF No. 16.

that this prevented him from fully and fairly presenting his case." *Harrison*, 2023 WL 7017695, at *3. Applying this framework, the Court is unpersuaded by this "newly discovered evidence."

The recording provided to the Court and the transcript of the recording pertain to a conversation that Mr. Roach was not a part of. Credit Acceptance made no "admission" regarding its contract with Plaintiff—the conversation appears to concern a credit reporting dispute between another consumer and Credit Acceptance. Indeed, Mr. Roach specifies in the "Declaration of Melvin Andrew Roach, Jr. Pursuant to 28 U.S.C. § 1746(1) Regarding Authentication of Exhibit B (Transcript)," *see* ECF No. 21-1, that: "On or about April 29, 2025, I obtained an audio recording of a telephone conversation between a consumer (Xavier Jamal Smith) and a representative of Credit Acceptance Corporation's Compliance Department." *Id.* at 1. The Court will not extrapolate statements made in a call between a non-party and Credit Acceptance regarding an entirely separate dispute to the instant matter.[3]

Because Mr. Roach's Motion to Set Aside Judgment rests on the Court's acceptance of the recording as "newly discovered evidence" and otherwise provides no basis for a finding that Credit Acceptance committed fraud on the Court, the Court **denies** the Motion at ECF No. 21.

## II.    CONCLUSION

For the reasons above, the Court **denies** the pending motions at ECF Nos. 18, 20, and 21. An accompanying order follows.

BY THE COURT:

/s/ CHAD F. KENNEY
_____
**CHAD F. KENNEY, JUDGE**

---

[3] Even assuming that Mr. Roach was the caller and that the call concerned the Retail Installment Contract between him and Credit Acceptance, the Court remains skeptical that a call to the Compliance Department could not have been made at any time before judgment "with reasonable diligence." Fed. R. Civ. P. 60(b)(2).